**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC.,<br>Plaintiff,<br>v.<br>TEVA PHARMACEUTICALS USA, INC.,<br>Defendant. | C.A. No. 23-152-JLH<br>(Consolidated) |
| VANDA PHARMACEUTICALS INC.,<br>Plaintiff,<br>v.<br>APOTEX INC. and APOTEX CORP.,<br>Defendants. | C.A. No. 23-153-JLH<br>(Consolidated) |

**ORDER**

At Wilmington, this 24th day of September, 2026:

WHEREAS, on September 24, 2026, the Court issued a Memorandum Opinion concluding that Defendants' Motion for Summary Judgment #1: Non-Infringement (No. 23-152, D.I. 297; No. 23-153, D.I. 250) should be GRANTED;

WHEREAS, Defendants attached a proposed Order to their motion (No. 23-152, D.I. 297, Att. 1; No. 23-153, D.I. 250, Att. 1), but the proposed Order does not specify which claims and counterclaims are resolved by the granting of the motion;

WHEREAS, the Court has reviewed the operative pleadings and it appears that at least thirteen claims and counterclaims are resolved by the Court's determination that Defendants do not infringe the Asserted Patents;

WHEREAS, Defendant Teva Pharmaceuticals USA Inc. ("Teva") filed a motion to dismiss Count I of Plaintiff's Amended Complaint in No. 24-1345, which alleges infringement of U.S. Patent No. 11,918,556 ("'556 patent") under 35 U.S.C. § 271(e), and that motion remains pending (No. 24-1345, D.I. 11);

WHEREAS, Teva nevertheless answered Count I of Plaintiff's Amended Complaint in No. 24-1345 (No. 24-1345, D.I. 13), and the Court determined in its September 24, 2026 Memorandum Opinion that it would be appropriate to enter summary judgment in Teva's favor on that claim;

WHEREAS, it appears to the Court that there will be at least three groups of claims remaining after the Court grants Defendants' request for summary judgment of non-infringement: (1) Defendants' requests for declaratory judgments of invalidity of the Asserted Patents; (2) Defendants' requests for declaratory judgments of unenforceability of the Asserted Patents due to inequitable conduct and other reasons all sounding in equity; (3) Defendants' antitrust and related counterclaims;

WHEREAS, a jury trial is scheduled to commence on October 26, 2026;

WHEREAS, the Court wishes to hear the parties' views on how the remaining claims should proceed in view of the Court's determination that Defendants do not infringe the Asserted Patents, including whether the parties still desire and intend to proceed to try category (1);

WHEREAS, with respect to category (2), the Court previously informed the parties at the conclusion of the April 14, 2026 hearing that it was inclined to hear all equitable claims and defenses at a bench trial to be held in the evening during the week of the jury trial (Tr. 140);

WHEREAS, counsel represented to the Court at the April 14, 2026 hearing that the antitrust claims in category (3) had been "bifurcated" (Tr. 80), but Court staff has been unable to locate a corresponding order on the dockets;

NOW, THEREFORE, IT IS HEREBY ORDERED that the parties shall meet and confer as soon as practicable and file a **concise** joint status letter on or before September 29, 2026, setting forth their respective positions about how this case will proceed. Lengthy argument is unnecessary; the Court simply wants to know where things stand. The report shall address, but is not limited to, the following topics:

i. The parties' position(s) on what the Court should do with Teva's pending motion to dismiss Count I of Plaintiff's Amended Complaint in No. 24-1345 in view of the Court's determination that it would be appropriate to enter judgment in Teva's favor on that claim for the reason that Teva does not infringe (No. 24-1345, D.I. 11);

ii. The parties' positions on what claims and defenses, if any, will be tried to the jury at the October 26, 2026 trial;

iii. If any claims will be tried to a jury, what remaining pending summary judgment and *Daubert* motions or portions of motions still need to be decided by the Court before the trial;[1]

iv. The parties' positions on what claims and defenses, if any, will be tried to the bench during the week of October 26, 2026 (assuming the Court denies the pending motions for dismissal and summary judgment on the equitable claims and defenses); and

[1] For example, the Court assumes that a *Daubert* motion seeking to exclude testimony relevant to damages is now moot.

v. The status of the antitrust and related claims.[2]

IT IS FURTHER ORDERED that the parties' status letter shall attach as an exhibit a revised proposed Order granting Defendants' Motion for Summary Judgment #1: Non-Infringement (No. 23-152, D.I. 297; No. 23-153, D.I. 250), which lists the claims/counterclaims on which summary judgment is being granted in Defendants' favor.

IT IS FINALLY ORDERED that the Court will hold a teleconference to discuss the status report on October 1, 2026 at 4 pm. The parties shall dial the court's conference line at (855) 244-8681, access code: 2317 192 3679.

HONORABLE JENNIFER L. HALL
U.S. District Judge

[2] The Court is aware of Plaintiff's pending motion to dismiss certain antitrust counterclaims asserted by Teva in its Answer and Counterclaim in No. 24-1345. (*See* No. 23-152, D.I. 187.)